UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL LEON WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>BEZOTE, *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:23-cv-00336-ART-CSD<br><br>ORDER<br>(ECF Nos. 14, 29, 32) |

This order concerns a single claim of retaliation violating the First Amendment by Plaintiff Michael Leon Williams against Defendant Dominic Sturgeon-Bezotte [spelled in the complaint as "Bezote"]. Williams alleges that Bezotte retaliated against him for filing grievances by lying to medical staff about Williams's need for a walker. Bezotte argues that Williams's failure to exhaust administrative remedies is plain from the face of the complaint. The Report and Recommendation only examined whether Williams exhausted administrative remedies.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Michael Leon Williams is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding *pro se* under 42 U.S.C. § 1983. (ECF No. 4.) Williams alleges that while he was housed at Northern Nevada Correctional Center (NNCC), Bezotte falsely told medical staff that he had seen Williams running to try to deprive Williams of his medically necessary walker. (*Id.*) Williams claims that Bezotte did this to retaliate for a prior grievance that Williams had filed. (*Id.*)

Williams did not exhaust his grievance about this incident. (*See id.* at 14.) NDOC's grievance policy requires inmates to exhaust administrative remedies by appealing accepted grievances through the informal, first, and second levels.

1

1  (ECF No. 14-1.) Williams filed an informal grievance about Bezotte's alleged lie, which grievance administrator Robert Hartman rejected because Williams failed to provide a specific cash amount for his monetary claim against NDOC and instead wrote "in the amount of a jury award." (ECF No. 4 at 14-20.) Hartman provided Williams an improper-grievance memo that said that Williams needed to provide a clearly defined remedy. (*Id.* at 14) Williams filed this lawsuit a few days after receiving the improper-grievance memo did not re-submit the grievance. (*See* ECF Nos. 4, 14-2.) He filed several separate grievances about other issues in the days that followed. (ECF No. 22 at 12–13, 20–21, 32–33, 40–41.)

Defendant filed a motion to dismiss alleging failure to exhaust administrative remedies and qualified immunity. (ECF No. 14.) Williams responded. (*See* ECF Nos. 21, 22.) Magistrate Judge Denney held a case-management conference, which ended prematurely because Williams's phone connection cut out. (ECF No. 25.) Williams objected to the Magistrate Judge's scheduling order (ECF No. 26). (ECF No. 29.)

Magistrate Judge Denney then filed a Report and Recommendation (R&R) recommending that Williams's claim be dismissed for failure to exhaust administrative remedies. (ECF No. 32.) Williams objected to the R&R. (ECF No. 34.)

The Court adopts Judge Denney's R&R in part, construes Defendant's motion to dismiss as a motion for summary judgment and grants it, and dismisses as moot Williams's objection to Magistrate Judge Denney's scheduling order.

**II.   LEGAL STANDARD**

**A. Objections to Report and Recommendation**

The Court conducts a *de novo* review of the objected-to findings and conclusions of a report and recommendation. 28 U.S.C. § 636(b)(1)(C); LR IB 3-

2(b). The Court "may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations." LR IB 3-2(b). A district judge may exercise its discretion in reviewing findings and recommendations that were not objected to. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003)

### B. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This means that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88. An inmate need exhaust only such administrative remedies as are "available." *Ross v. Blake*, 578 U.S. 632, 648 (2016); *see e.g., Eaton v. Blewett*, 50 F.4th 1240, 1245 (9th Cir. 2022).

### C. Summary Judgment

Summary judgment is appropriate when the record shows "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248.

In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). However, if the evidence of the nonmoving party "is not significantly probative, summary judgment may be

granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex*, 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

## III. ANALYSIS

The Court considers first whether it may construe Defendant's motion to dismiss as a motion for summary judgment on exhaustion, then whether Williams has provided evidence suggesting that he was not required to exhaust administrative remedies.

### A. Construing Motion to Dismiss as Motion for Summary Judgment

When both parties submit evidence regarding exhaustion under the PLRA, the Court may consider that evidence and construe a motion to dismiss as a motion for summary judgment on the issue of exhaustion. *See Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015); *see also* Fed. R. Civ. P. 12(d). In *Draper v. Rosario*, the Ninth Circuit held that construing a motion to dismiss as a motion for summary judgment on exhaustion under the PLRA is appropriate when the plaintiff has received notice that a motion to dismiss with exhibits attached may be construed as a motion for summary judgment. 836 F.3d 1072, 1080 n.5 (9th Cir. 2016) (citing *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988)).

Here, Williams received the Court's *Klingele* notice before submitting his response to Defendant's motion to dismiss, which contained extrinsic evidence. (ECF No. 15.) Williams's response itself included extrinsic evidence. (*See* ECF No. 21.) Accordingly, the Court finds it appropriate to construe Defendant's motion to dismiss as a motion for summary judgment on the issue of exhaustion.

### B. Summary Judgment on Exhaustion

Exhaustion is an affirmative defense that the defendant must plead and prove. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). To determine if a defendant has proved a failure to exhaust under the PLRA, the court applies the

1  burden-shifting framework from the Torture Victim Protection Act. *Williams*, 775
2  F.3d at 1191 (quoting *Albino*, 747 F.3d at 1172 (citing *Hilao v. Estate of Marcos*,
3  103 F.3d 767 (9th Cir.1996))). The defendant must prove that there is an available
4  administrative remedy and that the prisoner did not exhaust that available
5  remedy. *Id.* The burden then shifts to the plaintiff, who must show that something
6  particular in his case made the existing and generally available administrative
7  remedies effectively unavailable because they were ineffective, unobtainable,
8  unduly prolonged, inadequate, or obviously futile. *Id.* Plaintiff must "provide some
9  explanation" explaining why remedies are unavailable when Defendants have
10 "provided documentation of non-exhaustion and facially legitimate reasons" for
11 rejecting administrative appeals. *Draper*, 836 F.3d at 108.

12     Here, Defendants have met their initial burden by showing that NDOC
13 offers an available administrative remedy and that Williams did not exhaust that
14 remedy. NDOC Administrative Regulation 740 provides instructions for filling out
15 grievances and appealing them. (ECF No. 14-1.) The informal grievance for this
16 complaint was rejected with instructions to resubmit the grievance with a clearly
17 defined claim amount. (*See* ECF No. 4 at 14.) Three days after his grievance was
18 rejected, Williams filed this lawsuit, but he never resubmitted the grievance. (*See*
19 *id.*; ECF No. 14-2.) Williams's grievance history shows several grievances partially
20 granted (ECF No. 14-2 at 18-19, 24, 42) and other grievances appealed to the
21 first and second level (*see e.g., id.* at 11–12, 41, 61). An administrative remedy
22 was generally available, and Williams did not exhaust it in this case.

23     The burden then shifts to Williams to show facts in this case that made
24 this generally available remedy effectively unavailable. Williams argues that
25 Associate Warden Hartman made the grievance process effectively unavailable by
26 rejecting Williams's grievances against Bezotte with improper-grievance memos,
27 which prevented him from exhausting his grievances. (ECF No. 21 at 4–7; *see*
28 *also* ECF No. 22.) Williams attaches four improper-grievance memos from

Associate Warden Hartman to show this. (ECF No. 22 at 12–13, 20–21, 32–33, 40–41.) These grievances were rejected for failure to include a clearly defined remedy, failure to sign the grievance, failure to include a required form, and duplicating a previous grievance. (*Id.*) These are "facially legitimate reasons" for rejecting Williams's grievances. *Draper*, 836 F.3d at 1080.

Also weighing against finding the grievance process unavailable is the fact that Williams filed separate, unrelated grievances days after receiving the rejection that instructed him to re-submit the grievance at issue. (ECF No. 22 at 12–13, 20–21, 32–33, 40–41.) Because Williams has not put forward probative evidence that he attempted to re-submit the grievance at issue or about the grievance process being effectively unavailable, the Court must grant summary judgment to Defendant.

## IV.   CONCLUSION

The Court adopts Magistrate Judge Denney's Report and Recommendation (ECF No. 32) in part and overrules Plaintiff's objection (ECF No. 29).

The Court construes Defendant's motion to dismiss as a motion for summary judgment on the issue of exhaustion under the PLRA, grants the motion, and instructs the Clerk to enter summary judgment on the issue of exhaustion in favor of Defendant and close the case.

The Court further dismisses Plaintiff's objection to Magistrate Judge Denney's scheduling order (ECF No. 29) as moot.

DATED THIS 13th day of February 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE